USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UENSAL HISHIS, Individually and on Behalf of Lenny Sanverdi, et al.,

          Plaintiffs,

-against-

PAIN D'AVIGNON PLAZA GC16, LLC, d/b/a CAFÉ D'AVIGNON,

          Defendant.

25-CV-02181 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction *sua sponte*.

      "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted). Where a complaint premised on diversity of citizenship names a limited liability company as a party, the complaint must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. *See Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). "[A] statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing*, 87 F.3d at 47. There is no diversity jurisdiction if each side includes a citizen or subject of a foreign state. *See, e.g., Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000).

      The Complaint alleges that Defendant Pain D'Avignon Plaza GC16, LLC d/b/a Café D'Avignon ("Café D'Avignon") is "was and is a New York limited liability company having a principal place of business office address at 35-20 9th Street, Long Island City, New York 11106." Dkt. No. 1 ("Compl.") ¶ 4. The Complaint does not allege the citizenship of any member of Café D'Avignon, beyond the conclusory assertion that "there is complete diversity of citizenship between all Plaintiffs and Defendant, including the citizenship of each member of the Defendant limited liability company," *id*. ¶ 5, which is plainly insufficient.

      Within 45 days of this Order, Plaintiff may file an Amended Complaint that expressly alleges the citizenship of all natural persons who are Café D'Avignon's members, and, if any corporation is a member, the jurisdiction under whose laws it is incorporated and its principal place of business. If, by this date, Plaintiff fails to amend to truthfully allege complete diversity

of citizenship, then the action will be dismissed for lack of subject matter jurisdiction without further notice to any party.

Dated: March 18, 2025
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge